UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

N.G.B., ET AL.,

                    **Plaintiffs,**

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                 **Defendant.**

20-cv-6571 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiffs, N.G.B. and J.B., brought this action
against the defendant, the New York City Department of Education
(the "defendant" or "DOE"), pursuant to the Individuals with
Disabilities Education Act ("IDEA") and 42 U.S.C. § 1983. The
plaintiffs have moved for summary judgment pursuant to Federal
Rule of Civil Procedure 56, seeking an order directing the
defendant to pay certain outstanding invoices and an award of
attorney's fees, costs, and interest. The defendant opposes the
motion in part, arguing that the requested hourly rates and the
numbers of hours billed by the plaintiffs' counsel at the Cuddy
Law Firm ("CLF") are excessive and unreasonable. For the reasons
set forth below, the plaintiffs' motion is **granted in part and
denied in part.**

I.

The following facts are based on the parties' Local Civil Rule 56.1 statements and supporting papers and are undisputed unless otherwise noted.[1]

J.B. is a child with a disability as defined by the IDEA. Def.'s Response to Pl.'s 56.1 Statement ¶ 3 ("Statement"). N.G.B. is J.B.'s parent. Id. ¶ 4. On September 19, 2016, the plaintiffs initiated an impartial due process hearing with the DOE, which was assigned Case No. 163644. Bush Decl. ¶ 16. The plaintiffs alleged that the defendant had failed to provide J.B. with a free appropriate public education ("FAPE") during the preceding school years. Id. ¶¶ 16-18. On March 13, 2017, an Impartial Hearing Officer ("IHO") found in favor of the plaintiffs and awarded J.B. 575 hours of special education teacher services (the "March 2017 Award").[2] Statement ¶ 6. The plaintiffs recovered attorney's fees and costs related to the litigation of Case No. 163644 on October 30, 2017. Bush Decl. ¶ 6. Following the March 2017 Award, the defendant periodically paid invoices for J.B.'s special education services late and, as

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

[2] The DOE's Impartial Hearing Order Implementation Unit ("IHOIU") subsequently modified and extended the initial award in January 2019. Statement ¶ 18. For the purposes of this Memorandum Opinion and Order, the "March 2017 Award" refers to the initial award and any subsequent modifications agreed to by the IHOIU.

of the time that the plaintiffs filed their motion for summary judgment, had failed to pay the invoices for services rendered between March 2021 and August 2021. Id. ¶¶ 32-44.

On June 19, 2017, the plaintiffs initiated a second impartial due process hearing with the DOE, which was assigned Case No. 166515. Id. ¶ 45. The plaintiffs alleged in their Demand for a Due Process Hearing that the defendant denied J.B. a FAPE during the 2016-17 and 2017-18 school years. Id. ¶ 46. After the plaintiffs filed their Demand, the defendant agreed to have several assessments and evaluations of J.B. performed. Id. ¶¶ 49-55. Following these assessments and evaluations, an impartial due process hearing was held and concluded in one day. Id. ¶ 56; ECF No. 50-11 at 3-4. The defendant did not admit any documents or present any witnesses during the hearing. ECF No. 50-11 at 4.

On March 18, 2018, the IHO issued a Finding of Facts and Decision (the "March 2018 FOFD") that included a finding that the defendant had failed to "provide FAPE to [J.B.] for the 2016/17 and 2017/18 school years." Statement ¶¶ 57-61. It is undisputed that between March 18, 2018 and January 16, 2019, the plaintiffs' counsel performed tasks aimed at ensuring that the March 2018 FOFD was fully implemented. Id. ¶ 62.

The plaintiffs then filed the present action seeking attorney's fees and costs incurred in connection with Case No.

166515 and this action. The plaintiffs subsequently filed an amended complaint in which they added a cause of action seeking to compel the defendant to pay any outstanding invoices for special education services pursuant to the March 2017 Award.

## II.

The plaintiffs move for summary judgment directing the defendant to pay any outstanding invoices for special education services rendered in connection with the March 2017 Award. The defendant does not oppose this portion of the plaintiffs' motion and contends that "court intervention is not necessary to address" these claims. ECF No. 54 at 1 n.1. By the time that the plaintiffs filed their reply brief, all but one of the outstanding invoices had been paid. Because there appears to be one outstanding invoice and the defendant does not dispute that it is obligated to pay any outstanding invoices, summary judgment directing the defendant to pay any outstanding invoices for special education services rendered in connection with the March 2017 Award is granted.

## III.

The plaintiffs seek attorney's fees and costs incurred in connection with Case No. 166515 and this action. Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability," based on "rates prevailing

4

in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). "The court may award fees for work on the fee application itself." G.T. v. New York City Dep't of Educ., No. 18-cv-11262, 2020 WL 1516403, at *3 (S.D.N.Y. Feb. 12, 2020). To calculate a "presumptively reasonable fee," a court determines the appropriate billable hours expended and sets a reasonable hourly rate. Lilly v. City of New York, 934 F.3d 222, 229-30 (2d Cir. 2019) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). In making these determinations, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." O.R. v. New York City Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting Arbor Hill, 522 F.3d at 184). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." C.B. v. New York City Dep't of Educ., No. 18-cv-7337, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)). "A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee

application." <u>M.D. v. New York City Dep't of Educ.</u>, No. 17-cv-2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018).

There is no dispute that the plaintiffs are the prevailing parties and that they are entitled to recovery under the IDEA. However, the parties dispute whether the rates, hours, and costs billed by the plaintiffs' counsel were "reasonable."

**A.**

The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." <u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.3d 41, 59 (2d Cir. 2012). In determining a reasonable hourly rate, courts must also consider the factors articulated in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). See <u>H.C. v. New York City Dep't of Educ.</u>, No. 20-cv-844, 2021 WL 2471195, at *4 (S.D.N.Y. June 17, 2021) (citing <u>Arbor Hill</u>, 522 F.3d at 190). The <u>Johnson</u> factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation,

and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

H.C., 2021 WL 2471195, at *4. A court need not make specific findings as to each factor as long as it considers all of them when setting the fee award. See id.

The plaintiffs seek an award of fees for work performed by CLF attorneys Andrew Cuddy, Jason Sterne, Kenneth Bush, Justin Coretti, and Benjamin Kopp. The plaintiffs also seek an award of fees for work performed by CLF paralegals.

### 1.

The plaintiffs seek an hourly rate of $550 for CLF attorneys Andrew Cuddy and Jason Sterne. The plaintiffs attempt to justify the $550 hourly rate by pointing to the rates charged by lawyers with similar experience, historic rates that comparable lawyers have demanded from the defendant, the rates paid by CLF's paying clients, and inflation. Mr. Cuddy is the founder and managing attorney of CLF and has litigated special education cases since 2001. Cuddy Decl. ¶¶ 101-10. Mr. Sterne has concentrated in the area of special education law since 2005. Id. ¶ 113. The defendant contends that Messrs. Cuddy and Sterne should be award no more than $360 per hour.

Courts in this district have awarded these attorneys, and attorneys with similar levels of experience, around $350 per

hour in cases such as this one, in which certain issues before the IHO were uncontested, the hearing was relatively short, and the defendant introduced no documentary evidence and few, if any, witnesses. H.C., 2021 WL 2471195, at *6 (awarding Messrs. Cuddy and Sterne a $360 hourly rate; collecting cases); M.D. v. New York Dep't of Educ., No. 20-cv-6060, 2021 WL 3030053, at *3 (awarding Mr. Cuddy a $375 hourly rate); M.D., 2018 WL 4386086, at *3 (awarding senior CLF attorneys a $360 hourly rate). Although these awards were rendered in the relatively recent past, the plaintiffs argue persuasively that some increase is appropriate and reasonable in view of the passage of time and inflation. See, e.g., ECF No. 49-3; C.D. v. Minisink Valley Cent. Sch. Dist., No. 17-cv-7632, 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018). Accordingly, considering the parties' arguments, the evidentiary submissions, and the Johnson factors, a rate of $400 per hour is reasonable for Messrs. Cuddy and Sterne. See V.W. v. New York City Dep't of Educ., No. 20-cv-2376, 2022 WL 37052, at *5 (S.D.N.Y. Jan. 4, 2022) ("Balancing [Messrs. Cuddy's and Sterne's] significant experience, the passage of time since previous awarded rates, and the relative lack of complexity in this case, the Court finds that an hourly rate of $400 is appropriate.").

**2.**

The plaintiffs seek a rate of $425 per hour for Kenneth Bush and Justin Coretti, and $400 per hour for Benjamin Kopp. Mr. Coretti was first admitted to practice law in 2013 and has worked at CLF on special education matters since 2015. Cuddy Decl. ¶ 114. Mr. Bush was first admitted to practice law in 2015 and worked at CLF on special education matters from 2016 until his departure in January 2019. Bush Decl. ¶¶ 53-61. Mr. Kopp was first admitted to practice law in 2016 and worked for two years practicing general litigation at a different firm before joining CLF. Kopp Decl. ¶¶ 102-12. The defendant argues that these attorneys should be awarded no more than $200 per hour.

Mr. Coretti is the most experienced lawyer of this group and has several years of specialized experience in the relevant field. Messrs. Bush and Kopp both have relatively less experience than Mr. Coretti. Accordingly, considering the parties' arguments, the evidentiary submissions, and the Johnson factors, a rate of $300 per hour is reasonable for Mr. Coretti, and a rate of $225 per hour is reasonable for Messrs. Bush and Kopp. See, e.g., S.J. v. New York City Dep't of Educ., No. 20-cv-1922, 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021) (awarding a similar rate for Mr. Kopp); V.W., 2022 WL 37052, at *5 (awarding $300 per hour for Mr. Coretti) (collecting cases); see also C.D., 2018 WL 3769972, at *7 ("For associates with

three or fewer years of experience in [IDEA] litigation, courts
in this District have typically approved rates of $150-$275.").

### 3.

The plaintiffs seek a rate of $225 per hour for all work
performed by CLF's paralegals. The defendant argues that any
paralegal work should be awarded at a rate of no more than $100
per hour. In August 2021, Judge Abrams explained that
"paralegals, depending on skill and experience, have generally
garnered between $100 and $125 per hour in IDEA cases in this
district." J.R. v. New York City Dep't of Educ., No. 19-cv-
11783, 2021 WL 3406370, at *3 (S.D.N.Y. Aug. 4, 2021). The rates
sought here are therefore significantly higher than the market
rate typically awarded in this district.

One paralegal that billed time on this matter, Shobna
Cuddy, is a "senior paralegal" and has significant experience
working as a paralegal and office manager at CLF. See Cuddy
Decl. ¶¶ 116, 132. The remaining paralegals all appear to have
relatively less experience than Ms. Cuddy. Accordingly,
considering the parties' arguments, the evidentiary submissions,
and the Johnson factors, a rate of $125 per hour is reasonable
for Ms. Cuddy, and a rate of $100 is reasonable for the
remaining paralegals. See, e.g., V.W., 2022 WL 37052, at *6
(awarding $125 per hour for Ms. Cuddy's work and $100 per hour
for remaining paralegal work).

**B.**

The defendant argues that the numbers of hours billed in connection with both the administrative proceedings and this federal action are unreasonable and excessive.

CLF attorneys billed 55.2 hours in connection with the administrative proceedings and 87.4 hours in connection with this federal action. Cuddy Decl. ¶ 132. Mr. Bush also billed 10 hours of travel time in connection with the administrative proceedings. CLF paralegals billed 32 hours in connection with the administrative proceedings and 2.4 hours in connection with this federal action. Id.

The numbers of hours billed in connection with the administrative proceedings is excessive and warrant reduction. Although the plaintiffs had to prepare for the possibility of a more heavily contested hearing, the defendant did not contest key issues and did not present any witnesses before the IHO. In administrative proceedings of comparable complexity litigated by CLF, courts in this district have reduced the firm's hours by twenty to fifty percent. J.R., 2021 WL 3406370, at *5 (collecting cases). In view of the brevity of the hearing, the defendant's decision not to submit evidence at the hearing, and the apparent lack of complexity of the matter, a twenty percent reduction of the hours spent in connection with the administrative proceedings, exclusive of travel, is appropriate.

11

The ten hours of travel billed by Mr. Bush should not be awarded because a hypothetical reasonable client would not be willing to pay for such travel. See C.D., 2018 WL 3769972, at *10; K.F. v. New York City Dep't of Educ., No. 10-cv-5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011). Accordingly, the award for Mr. Bush's travel time is reduced to two hours. V.W., 2022 WL 37052, at *7 (finding that a similar reduction was reasonable).

The number of hours billed in connection with this federal proceeding is likewise excessive. Courts in this district have found approximately 40 and 60 hours of work billed in similar federal proceedings to be reasonable even where, as here, the federal proceedings are limited in scope and "straightforward." See id. at *6 (collecting cases). CLF billed substantially more than that in this case, but at least some of those additional hours were justified given the defendant's failure to pay outstanding invoices relating to the March 2017 Award. This failure created the need for the plaintiffs to file an amended complaint and brief those issues on this motion for summary judgment. Accordingly, considering all the relevant circumstances, a twenty percent reduction of time billed litigating this federal matter is appropriate.

**C.**

The plaintiffs seek the following costs: $262 for copying (at 50¢ per page); $23.94 for meals; $296 for faxes (at $2.00 per page); $1.88 in postage; $145.61 in lodging; $272.50 in mileage; $45 in parking; $13.50 in tolls; and $400 for filing fees. Cuddy Decl. ¶ 132. The defendant argues that (1) the copying costs should be reduced: (2) the fax costs are unjustified; and (3) the lodging and travel costs are not compensable.

Courts have found that copying and printing costs of "fifty cents per page seems unlikely to be ordinarily charged to clients." See, e.g., S.J., 2021 WL 100501, at *5. Because fifty cents per page does indeed seem unreasonable, the award for copying costs is reduced to 10¢ per page. See id.

Although courts have found fax costs to be "non-reimbursable" because documents can be emailed at no cost, V.W., 2022 WL 37052 at *7, the plaintiffs represent that the defendant and certain schools only accept necessary records requests via fax. Cuddy Decl. ¶ 68. While some fax costs appear to have been necessary on this record, $2.00 per page is unreasonable. Accordingly, the award for fax costs is reduced to 10¢ per page.

Courts in this district routinely decline to award lodging expenses, explaining that a reasonable client "would not agree to pay in-district attorney rates while also paying for

13

extensive lodging expenses necessitated by out-of-district attorneys' travel." See, e.g., R.G. v. New York City Dep't of Educ., No. 18-cv-6851, 2019 WL 4735050, at *6; C.D., 2018 WL 3769972, at *13. This reasoning is sound and applicable here. Accordingly, all lodging costs are deducted from any award.

Finally, the mileage costs are unreasonable and should be reduced. A reasonable paying client would expect their counsel to "take public transit or some form of commuter rail" to attend any hearings, rather to than drive long distances and to incur high mileage costs. See, e.g., R.G., 2019 WL 4735050, at *6. Accordingly, mileage costs are reduced to $60. See id. (concluding that a similar reduction was reasonable).

The defendant does not contend specifically that an award of any other of the requested costs is unreasonable. Accordingly, the remaining requested costs are awarded without any reductions.

D.

The plaintiffs seek pre-judgment interest on the award of attorney's fees and costs. The defendant does not address this request in its papers.

Judge Liman recently undertook a comprehensive review of whether courts have the power to award pre-judgment interest on awards of attorney's fees and costs in these circumstances. See M.H. v. New York City Dep't of Educ., No. 20-cv-1923, 2021 WL

14

4804031, at \*29-31 (S.D.N.Y. Jan 10, 2022); see also D.P. v. New York City Dep't of Educ., No. 21-cv-27, 2022 WL 103536, at \*16 (S.D.N.Y. Jan. 10, 2022) (discussing M.H.). Judge Liman concluded that "in IDEA cases, as in other fee-shifting contexts, the Court should take into account 'delay' by using current rates in calculating a 'reasonable' attorneys' fee," rather than make a separate award of pre-judgment interest. See M.H., 2021 WL 4804031, at \*31. Judge Failla has since agreed with Judge Liman's conclusions and adopted this approach. See D.P., 2022 WL 103536, at \*16. Like Judge Failla, this Court finds Judge Liman's reasoning persuasive and has taken any delay into account when determining the reasonable hourly rates that CLF attorneys and paralegals should be awarded. Accordingly, the plaintiffs' request for a separate award of pre-judgment interest is denied. See M.H., 2021 WL 4804031, at \*31; see also D.P., 2022 WL 103536, at \*16; S.H. v. New York City Dep't of Educ., No. 21-cv-4967, 2022 WL 254070, at \*9 (S.D.N.Y. Jan. 26, 2022).

Finally, the plaintiffs seek post-judgment interest. The plaintiffs' request for post-judgment interest is granted. "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." M.H., 2021 WL 4804031, at \*31.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for summary judgment and fees, costs, and interests is **granted in part and denied in part**.

The Clerk is directed to close Docket No. 47. The plaintiffs are directed to submit a proposed judgment within five days. The defendant may submit any objections two days thereafter.

SO ORDERED.

Dated:   New York, New York
         March 16, 2022

John G. Koeltl
United States District Judge